UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. EMERY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11CV00013 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This case is a motion under 28 U. S. C. § 2255 to vacate, set aside or correct sentence by Michael D. Emery, a person in federal custody. On October 27, 2009, Woods was found guilty of being a Felon in Possession of a Firearm, and on January 21, 2010, this Court sentenced Emery to the Bureau of Prisons for a term of 41 months, a sentence within the sentencing guideline range. Emery's § 2255 action is fully briefed and ripe for disposition.

### I. FACTS

**A. THE INDICTMENT**

On April 23, 2009, Movant Michael D. Emery, hereinafter referred to as "Emery," was charged in a one-count indictment with being a convicted felon in possession of two firearms which had previously traveled in interstate commerce.

**B. MOTION TO SUPPRESS**

On May 28, 2009, Emery filed a Motion to Suppress Evidence and Statements, alleging among many things, that (1) the search and seizure were made without a warrant or other lawful authority; (2) that the arrest, and preceding stop and detention, were made without probable cause, an arrest warrant, and without a search warrant, and that no offense was being committed

in the officer's presence; (3) the search exceeded the area of any alleged arrest or detention of the defendant; (4) that Emery was not advised of his Miranda warnings before being interrogated and questioned; (5) the search and seizure were not for the agents' protection; (6) the agents were not making a bona fide inventory or inspection; (7) the items were not in the plain view of the officers; (8) that any consent to contact or communication with the agents was not voluntarily and knowingly given; and (9) that the search and seizure violated Emery's rights guaranteed by the 4th, 5th, 6th and 14th Amendments to the United States Constitution. (Doc. 15)

The Government filed a Response on June 2, 2009. (Doc. 16) A hearing was held on June 5, 2009. On July 29, 2009, a Report and Recommendation was issued by Magistrate Judge Blanton denying Emery's Motion to Suppress Evidence and Statements. (Doc. 23) On August 13, 2009, Judge Blanton's Report and Recommendation was adopted and sustained by the District Court. (Doc. 26)

**C.     THE TRIAL**

Trial before a jury commenced on October 27, 2009. Emery was represented at trial by attorneys Curtis Poore and Mark Preyer. Evidence was presented by the Government relative to Emery's possession of firearms as charged in the Indictment. A Stipulation executed by the Government, Emery, and his counsel, Mark Preyer, was admitted as Government's Exhibit 9. The Stipulation provided that Emery had been convicted of a felony prior to October 14, 2008, and the firearms mentioned in the indictment had been manufactured in a State other than Missouri, and therefore affected interstate commerce and crossed state lines before arriving in Missouri. Several law enforcement officers testified regarding Emery's possession of the firearms found in his residence. Emery did not testify, nor did he present witnesses at trial. The

jury returned a verdict finding Emery guilty of possessing a firearm as a convicted felon as charged in the Indictment.

**C. THE PRESENTENCE REPORT**

The Presentence Report (PSR) concluded that Emery had a prior conviction for a crime of violence, a Burglary in the Second Degree in the Circuit Court of Pemiscot County, Missouri, resulting in a base offense level of 20, pursuant to USSG § 2k2.1(a)(4). (PSR ¶¶ 13, 31) Emery had several felony convictions, resulting in a total criminal history score of four and a criminal history category of III. (PSR ¶¶ 23-41, 42) Emery did not qualify for any departures or other reductions under the United States Sentencing Guidelines. The total offense level recommended by the PSR was 20, resulting in a guideline imprisonment range of 41-51 months. (PSR ¶64)

**D. SENTENCING**

Prior to sentencing, Emery's counsel filed a "Sentencing Memorandum" in which he asked that the District Court "vary downward from the advisory guideline range in order to impose a sentence that is sufficient, but not greater than necessary, to accomplish the appropriate objectives of sentencing in the instant case." (Doc. 40, p. 8) After considering arguments of counsel, the District Court sentenced Emery to the minimum advisory guideline sentence of 41months, followed by a term of supervised release of two years. (Sentencing Transcript (S.Tr.) p.14)

**E. DIRECT APPEAL**

Emery did not file a direct appeal to the Eighth Circuit Court of Appeals.

## II. APPLICABLE LAW

**A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF.**

28 U.S.C. § 2255 provides in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1stCir. 1993). A hearing is unnecessary "'when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case.'" *Id*. at 225-26, quoting *Moran v. Hogan*, 494 F2d 1220, 1222 (1st Cir.1974). See also United States v. Robinson, 64 F.3d 403 (8th Cir. 1995), and *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing .*Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary

where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers*, 1 F.3d at 700 (quotations omitted). More recently the Eighth Circuit has described the *Strickland* test as follows: "whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104S.Ct. at 2065. "'When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time.'" *Rodela-Aguilar v. United States,* 596 F.3d 457, 461 (8thCir. 2010), quoting *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005).

### III. DISCUSSION

#### A. FAILURE TO CALL WITNESSES

Emery alleges, in his first allegation, that his counsel was ineffective, his right to a fair trial was violated, and his Fifth Amendment Right to Due Process of Law was violated "due to Counsel's failure to present Petitioner's eight prepared witnesses to testify in Petitioner's defense at pre-trial, trial and sentencing phase of the case." (2255 Mot. P. 5, ¶ 12.A)

Emery's bare allegation that his attorneys were ineffective for failing to call eight witnesses does not entitle him to relief. In *Saunders v. United States*, 236 F.3d 950 (8th Cir.2001), the petitioner asserted, in his Section 2255 petition, that his attorney was ineffective for failing to call witnesses at trial. Saunders did not identify his purported witnesses or allege the substance of what their testimony would have been. The district court denied Saunders' petition

without an evidentiary hearing, and rejected his claim that his attorney was constitutionally ineffective. On appeal, the Eighth Circuit held that Saunders had not provided sufficient facts upon which an evidentiary hearing was warranted. "Not only are the witnesses not identified, but Saunders's motion does not even allude to the substance of their testimony, much less set it out in attested detail." *Id*. at 952. The Eighth Circuit upheld the district court's ruling.

> First, the petition is simply insufficient to raise any issue as to whether trial counsel's failure to call witnesses was the result of sub-par performance by counsel. Without knowing who Saunders would have had counsel call as witnesses and what their testimony in his defense might have been, it is not possible for us - or anyone - to determine whether counsel's failure to identify (assuming trial counsel in fact failed to identify these witnesses) or to call such witnesses was reasonable at the time of trial. . . . Further, the lack of specificity as to both the identity of the conjectural witnesses and the content of their testimony prevents us from assessing whether there was prejudice to Saunders's defense as the result of counsel's performance, that is, whether there is a reasonable probability that the outcome would have been different but for counsel's alleged failings.

*Id*. at 952-53. "'Because [Saunders] made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result, he has failed to prove either that counsel's assistance was ineffective or prejudice.'" *Id.* at 953, quoting *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).

Similarly, Emery has not provided this Court with either a list of alleged witnesses or any evidence as to what their testimony would have been. Emery has not provided this Court with sufficient information that would entitle him to an evidentiary hearing on this issue. Certainly, Emery has not alleged or proven that he was prejudiced. His failure to identify his witnesses or to provide the substance of their testimony is fatal to the success of his claim that his attorneys were ineffective for failing to call witnesses in Emery's trial.

In addition to the police officers testifying to seeing the guns, Government's Exhibit 10 admitted at trial indicated that Emery purchased the firearm described in the indictment that the jury found he knowingly possessed.

Emery does not claim in his motion what his alleged witnesses would have said to establish his innocence. Attached to the Government's response is Exhibit 2, which is an Affidavit from Emery's trial counsel, Mr. Curt Poore, responding to Mr. Emery's allegations of ineffective assistance of counsel. As indicated in Exhibit 2, Mr. Poore refutes the material allegations contained in Emery's motion. Relative to the failure to call witnesses, Mr. Poore testifies that:

> Petitioner, after consulting with family and his friend, agreed that the best approach was not to present any of the witnesses present for the trial. The Petitioner's witnesses would show that the firearms were possessed in Petitioner's master bedroom closet at his home, thereby proving constructive possession for the government. Petitioner concluded that his best chance for acquittal was not to present any evidence, nor to testify. Mark Preyer and I discussed these issues in detail with Petitioner and it was his decision not to present witnesses or testify.

(Ex. 2, ¶ 11)

Mr. Poore's affidavit directly refutes Emery's claims. Emery agreed that the best approach was not to present any witnesses at trial. Moreover, any decisions regarding calling or not calling witnesses were the product of sound trial strategy on the part of Mr. Poore and Mr. Preyer. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. "We have consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if thewitness does not hold up well on cross-examination, the jurors

might draw unfavorable inferences.'"*Rodela-Aguilar*, 596 F.3d at 464, citing *Staples,* 410 F.3d at 488-89.

Although not clear, if Emery is claiming he was one of the 8 witnesses, he was silent when the defense rested without calling him as a witness. A defendant's silence after his attorney's decision not to call him as a witness constitutes a waiver of defendant's right to testify. See *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993), citing *United States v. Edwards*, 897 F.2d 445,447 (9th Cir. 1990).

Emery's counsel was not ineffective for failing to call witnesses at the sentencing hearing. There were no disputed guideline issues other than the sentence to be imposed. Emery's base offense level and total offense level of 20 were based on underlying conviction and his criminal history.

Emery's counsel was not ineffective relative to failing to present witnesses at his trial and sentencing hearing, nor was Emery prejudiced by such witnesses failing to testify at trial or in the sentencing proceeding. Emery cannot establish that there is a reasonable probability that the outcome of the trial would have been different had the witnesses testified. Emery's first allegation of ineffective assistance of counsel fails both prongs of the *Strickland* test.

    **B.**    **FAILURE TO SECURE WRITTEN PLEA OFFER**

Emery alleges, in his second allegation that he was denied effective assistance of counsel"due to Counsel's failure to secure a **"written"** version of the 12 to 15 month Plea Offer provided by the government after Petitioner repeatedly requested that the same be done." (2255 Mot. P. 5,¶ 12.B)

In his second allegation, Emery is taking the apparent position that his witnesses would

not have enabled him to obtain an acquittal, and he would have pled guilty to a 12 to 15 month plea offer(although Emery fails to so claim that he would have pled guilty to any plea offer). This is contrary to Emery's claim in his first allegation that had his witnesses been called, he would have been acquitted (otherwise his counsel could not have been ineffective for failing to call them as witnesses at trial). However, Emery does not allege that he would have pled guilty even if a written plea offer had been provided to him by the Government.

Emery now claims that the Government made him a 12 to 15 month Plea Offer. However, no "12 to 15 month" plea offer was tendered by the government.

Emery is required to show nonconclusory, credible evidence that there is a reasonable probability that he would have pled guilty. "When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant 'must show that, but for his counsel's advice, he would have accepted the plea.'" *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), quoting *Engelen v. United States,* 68 F.3d 238, 241 (8th Cir.1995). "To establish prejudice and receive an evidentiary hearing,

[Emery] must present some nonconclusory, credible evidence showing that there is a reasonable probability that, but for his counsel's advice, he would have accepted the plea agreement."
*Moses v. United States*, 175 F.3d 1025, 1999 W.L. 195675 *1 (8th Cir. 1999) (unpublished).

> Given the absence of any nonconclusory, credible evidence supporting Moses's self-serving post-conviction statements that he would have accepted the plea agreement absent his counsel's allegedly deficient performance, we conclude his statements are not sufficient to establish a reasonable probability he would have done so. Thus, the district court did not abuse its discretion denying Moses's section 2255motion without an evidentiary hearing. . . .

-10-

*Moses*, 1999 W.L. at *2.

Prejudice is possible where defense counsel failed to provide accurate advice regarding the plea agreement offer, but to establish prejudice, "the petitioner must begin by proving that a plea agreement was formally offered by the government." *Kingsberry v. United States*, 202 F.3d 1030,1032 (8th Cir. 2000) (denial of evidentiary hearing upheld relative to allegation of ineffective assistance of counsel for failing to advise defendant to plead guilty when the record was insufficient to show conclusively that a formal plea offer existed). Emery does not show facts to support his claim that a 12 to 15 month deal was offered to him by the government.

Emery "chose to gamble on acquittal, and he cannot now shift gears and credibly complain about his choice." *Moses*, 1999 W.L. at *2. Emery is not entitled to an evidentiary hearing because he has not alleged or presented credible, nonconclusory evidence that he was offered a 12 to 15 month term of imprisonment if he would plead guilty, or would have pled guilty had he been advised to do so by counsel.

### C. FAILURE TO ARGUE OFFICER MISCONDUCT

For his third allegation, Emery alleges that he was denied effective assistance of counsel "and autonomy right and interest to direct the course" of his defense.

> Petitioner was denied his Sixth Amendment right to effective assistance of counsel autonomy right to direct the course of his defense due to Counsel's failure and refusal to argue during pre-trial and trial phases, in defiance of Petitioner's request that the same be done, that over Petitioner's unequivocal objection, the officers forced entry into the room where the guns were found and that the officers police reports were fraudulent and their testimony at the pre-trial hearing was false and perjurious.

(2255 Mot. p. 5, ¶ 12.C)

Emery's third allegation of failure to argue officer misconduct is devoid of any factual

basis. Officers testified at the Suppression Hearing how they obtained access to the room where the firearms. Emery's attorneys could not have credibly argued that the officers forced entry into the room. Moreover, the approach taken by Emery's very able defense attorneys was a product of sound and reasonable trial strategy. *See James v. Iowa,* 100 F.3d 586, 590 (8th Cir.1996) ("Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful."). "Accordingly, decisions involving trial strategy are 'virtually unchallengeable.'" *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010), quoting *Link v. Luebbers,* 469 F.3d1197, 1204 (8th Cir.2006).

Emery does not allege how he would have successfully disputed the accuracy of the officers' reports or their testimony at the suppression hearing and trial. Emery's counsel was not ineffective for failing to make specious arguments at the suppression hearing and trial, nor was Emery prejudiced by the trial strategy employed by his attorneys. Emery cannot establish that there is a reasonable probability that the outcome of the trial would have been different had his attorneys made the arguments he now insists they should have made. Emery's third allegation of ineffective assistance of counsel fails both prongs of the *Strickland* test.

### D. FAILURE TO FILE DIRECT APPEAL

For his fourth allegation, Emery alleges that he was denied "effective assistance of counsel and Statutory Right to Direct Appeal his conviction and sentence due to Counsel's failure and refusal to prepare and file a direct appeal on Petitioner's behalf in defiance of Petitioner's specific instructions that the same be timely filed with the court." (2255 Mot. p. 5A, ¶ 12.D)

Failing to file a notice of appeal after a client instructs his attorney to do so constitutes

ineffective assistance of counsel. *Barger v. United States,* 204 F.3d 1180, 1182 (8th Cir. 2000). In such circumstances, the Petitioner need not show prejudice or likelihood of success on appeal. *Id*. However, Emery must establish that he instructed his counsel to file an appeal. "A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id*., citing *Rodriguez v. United States,* 964 F.2d 840, 842 (8th Cir.1992) (per curiam).

As indicated in his affidavit, Mr. Poore explicitly refutes Emery's allegation that Emery instructed Mr. Poore to file an appeal. "I discussed with Petitioner whether an appeal should be filed. Petitioner understood and agreed that there was no basis for the filing of an appeal. Petitioner never requested that I file an appeal on his behalf." (Exhibit 2, ¶ 12) Emery was also advised at sentencing by this Court that he had a right to appeal his conviction and sentence, and that his notice of appeal had to be filed within ten days. (S. Tr. 15) After he was sentenced, Emery was specifically advised of his appellate rights by this Court, and the importance of timely filing a Notice of Appeal.

> THE COURT: Mr. Emery, I'd advise you now that you have a right to appeal from this sentence within 10 days from this date. Failure to appeal within the 10-day period should be a waiver of your right to appeal. You are also advised that you are entitled to assistance of counsel in taking an appeal, and if you are unable to afford a lawyer, one will be provided for you. And if you so request, then the clerk of the court will prepare and file a notice of appeal on your behalf.
>
> Do you understand you have that right to appeal, sir?
>
> THE DEFENDANT: Yes, sir.

-13-

(S. Tr. 15-16) Emery indicated he understood that he had the right to appeal.

A hearing is generally required to resolve the factual issue of whether the petitioner in a Section 2255 proceeding had directed his trial counsel to file an appeal. *Estes v. United States*, 883F.2d 645, 649 (8th Cir. 1989). A hearing was required even though an affidavit by trial counsel was submitted by the Government denying that he had been instructed to file a direct appeal by Estes, because the record did not conclusively show that Estes was not entitled to relief. *Id*. at 648-49. Accordingly, Emery is likely entitled to an evidentiary hearing on the issue of whether he advised his attorneys to file a notice of appeal.

Because an evidentiary hearing shall be ordered, counsel will be appointed for Emery prior to the hearing. *Roney v. United States*, 205 F.3d 1061 (8th Cir. 2000); Rule 8(c), Rules Governing Section2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.")

If documentation existed that corroborated Mr. Poore's affidavit, there is authority upholding the denial of an evidentiary hearing where trial counsel submitted an affidavit responding to and disputing a post-conviction claim that he had been instructed to file an appeal in a Section 2255 proceeding. In *United States v. Arvizu,* 270 F.3d 605, 606 (8th Cir. 2001), the Eighth Circuit upheld the district court's denial of a post-conviction claim for ineffective assistance of counsel without an evidentiary hearing. The attorney had consulted with Arvizu about his right to appeal, and the district court had informed him that any notice of appeal would have to be filed within ten days, which Arvizu indicated he understood. "There is an absence of any evidence in the record to counter Lefler's testimony that he never received express

instructions from Arvizu about his appeal .Arvizu has therefore not made out an ineffective assistance claim, and he has not shown that the district court was required to hold an evidentiary hearing." *Id*. at 606.

E.  **SPEEDY TRIAL WAIVER**

For his fifth allegation, Emery alleges that he was denied effective assistance of counsel "due to Counsel preparing and filing a Speedy Trial Waiver with the court **"after"** Petitioner's right under the STA had already been constructively violated due to the Court's failure to make explicit finding on the record that demonstrated that ends of justice served by granting the continuances, outweighed best interest of public and Defendant and Speedy Trial." (2255 Mot. p. 5A, ¶ 12.E)

The Government notes that Emery executed a "Waiver of Speedy Trial" that was filed on August 13, 2009. (Doc. 25) A review of the docket sheet for Emery's case reveals that the Speedy Trial Act was not violated by August 13, 2009. A schedule of relevant case actions and the dates upon which they occurred is set forth below:

| Date | Action | Speedy Trial Act "countable" days |
|---|---|---|
| 5-8-09 | Emery arrested; Initial Appearance<br>Speedy Trial clock begins | 0 |
| 5-12-09 | Entry of appearance by Emery's<br>    Attorney, Mark Preyer<br>Preyer filed motion to continue<br>    arraignment. | 3 |
| 5-14-09 | Arraignment<br>Preyer orally moves for additional<br>    time to file pretrial motions;<br>Motion granted to 5-28-09 | 0 |

| | | |
|---|---|---|
| 5-28-09 | Preyer filed Motion to Suppress | 0 |
| 6-5-09 | Hearing on Motion to Suppress | 0 |
| 6-30-09 | Transcript on Hearing filed | 0 |
| 7-29-09 | Judge Blanton filed Report and Recommendation (R&R) | 0 |
| 8-13-09 | District Court adopted R & R | 0 |
| 8-13-09 | Preyer and Emery filed Waiver of Speedy Trial Act rights | 0 |

Under the Speedy Trial Act, a federal criminal defendant must be brought to trial within seventy days of his indictment or arraignment (whichever is later). *United States v. Aldaco*, 477 F.3d1008, 1017 (8th Cir. 2007); 18 U.S.C. § 3161(c)(1). Certain days may be excluded from the seventy day calculation. After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion. *Aldaco*, at 1017. Among those days excludable from this calculation are delays resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. 18 U.S.C. § 3161(h)(D).

The docket sheet for Emery's case indicates that his Speedy Trial Clock began on May 8,2009--the date of Emery's initial appearance. *United States v. Mancias*, 350 F.3d 800, 807-08 (8thCir. 2003). Subsequently, on May 12, 2009, his attorney moved to continue his arraignment two days, which was granted. (Doc. 9). On May 14, 2009, Emery's attorney made an oral motion for additional time to decide to file pretrial motions. That motion was granted, giving Emery until May28, 2009, to file pretrial motions. On that date, Emery filed his pretrial Motion to Suppress. That motion was decided on August 13, 2009, when this Court adopted United States Magistrate

-16-

Judge Lewis Blanton's Report and Recommendation and denied Emery's Motion to Suppress. From May 12, 2009, to August 13, 2009, Emery had continuous motions pending before this Court. This time period is excludable for calculating the elapsed time under 18 U.S.C. § 3161, as noted above. Because less than seventy days of countable time had elapsed by August 13, 2009, Emery's Speedy Trial rights were not violated. Accordingly, Emery's attorneys were not ineffective for failing to assert that a violation of his Speedy Trial rights had occurred before Emery filed his Waiver of Speedy Trial on August 13, 2009.

### F. OFFENSE ELEMENTS ADVICE

For his sixth allegation, Emery alleges that his counsel was ineffective "for failing to truthfully disclose to Petitioner the elements of the offense and, for misleading Petitioner as to what facts the government was required to prove to obtain a conviction at trial." (2255 Mot. p. 5A, ¶12.F)

Contrary to Mr. Emery's allegation, as indicated by Mr. Poore in his affidavit, Mr. Preyer and Mr. Poore reviewed with Emery the elements that the government would be required to prove and the standard of proof. (Ex. 2, ¶ 6) Emery makes no allegation as to how Emery was mislead by his attorneys prior to trial. The elements of Emery's offense were short, simple and straightforward, as set forth in Instruction No. 9 at Emery's trial as follows:

> The crime of being a felon in possession of a firearm, as charged in the indictment, has three elements, which are:
> *One*, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;
> *Two*, the defendant thereafter knowingly possessed a firearm, that is a Winchester, model 1300, 12 gauge, pump-action shotgun, bearing serial number L2794026; or a Remington, model SPR100, 20 gauge, break-action shotgun, bearing serial number 06061476R; and
> *Three*, the firearm was transported across a state line at some time during

-17-

or before the defendant's possession of it.

  You are instructed that the Government and the defendant have stipulated, that is, agreed, that the defendant has been convicted of a crime punishable by imprisonment for more than one year under the laws of the State of Missouri, and you must consider the first element as proven.

  You are further instructed that the Government and the defendant have stipulated, that is, agreed, that each of the previously described firearms mentioned in the Indictment, was manufactured in a place other than the State of Missouri and affected interstate commerce before October 14, 2008. You must consider the third element as proven.

  The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

  If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

As indicated in Instruction No. 9, Emery certainly had been advised of two of the elements prior to trial commencing. Prior to trial, Emery and Mr. Preyer signed a written stipulation, admitted as Government's Exhibit 9, in which Emery stipulated that he had been convicted of a crime punishable by imprisonment for more than one year under the laws of the State of Missouri, and that each of the firearms mentioned in the Indictment, was manufactured in a place other than the State of Missouri and affected interstate commerce before October 14, 2008. Consistent with the terms of the Stipulation, the first and third elements were considered to be proven, leaving only the element of possession of the firearms to be considered by the jury. Emery cannot now credibly claim that he did not know or understand that the Government had to prove that he possessed a firearm in order to convict him of being a convicted felon in possession of a firearm. That was the only element being tried to the jury. Emery had access to a copy of the Indictment at his initial appearance, which set forth the elements of his offense.

Emery cannot establish prejudice relative to his claim that he was not advised that the

Government had to prove he possessed a firearm in order for him to be convicted of the charged offense. Emery cannot establish that there is a reasonable probability that he would have been acquitted had he known that the Government had to prove that he possessed a firearm, or that he would have pled guilty armed with such knowledge.

### G. GUIDELINES ADVICE

For his seventh allegation, Emery alleges that his counsel was ineffective "for misleading Petitioner about the U.S.S.G. and failing to advise Petitioner of the implications of the United States Sentencing Guidelines and how the Relevant Conduct Determination and Criminal History Categories would ultimately be used to fashion his overall sentencing range ands entence." (2255 Mot. p. 6, ¶ 12.G)

Contrary to Mr. Emery's allegation, as indicated by Mr. Poore in his affidavit, Mr.Poore discussed with Emery "the application of the sentencing guidelines. Petitioner understood the guidelines and how the government's concessions would impact the guidelines and Petitioner's potential ultimate sentence." (Ex. 2, ¶ 6) Emery cannot establish that his attorneys failed to discuss the application of the Guidelines to his case. Although Emery claims that his attorney failed to explain how the "Relevant Conduct Determination" would affect his sentence, no relevant conduct was imputed to Emery in determining his sentence. Emery's base offense and total offense levels were 20, which were based solely on his being convicted of the indicted offense, and having a prior felony conviction for a crime of violence–Burglary in the Second Degree. (PSR ¶ 13-20) The only other Guideline variable was his criminal history. Emery's criminal history was established before he was charged for the indicted offense. His attorney's could not change his criminal history. Accordingly, Emery cannot establish prejudice, because he

cannot establish a reasonable probability that his sentence would have been less even if he could prove that his attorneys failed to advise him of the effect of the Guidelines on his sentence. If Emery is attempting to say that he would have plead guilty if the Guidelines would have been explained to him, he fails to so allege, and he made it clear to his attorneys that "he would, under no circumstances, consider entering a guilty plea." (Ex. 2, ¶ 7)

## CONCLUSION

Emery cannot show that his attorneys were ineffective for any of the reasons mentioned in his Motion. Except for the alleged request to file a notice of appeal, Emery's allegations of ineffective assistance are either refuted by the record or were considered decisions of sound trial strategy by Mr. Poore and Mr. Preyer. Secondly, Emery has not shown that he was prejudiced by actions of his counsel. Emery has not shown that there was a reasonable probability that he would have been acquitted, or received a lower sentence except for actions of his counsel. For many reasons, Emery's allegations of ineffective assistance of counsel fail both prongs of the *Strickland* test.

Except for appointing counsel and holding a hearing to resolve the disputed issue of whether Emery directed his attorneys to timely file a notice of appeal, the Petition Under 28 U.S.C. § 2255 filed by Emery shall be dismissed. The case is set for hearing on **Monday, January 30, 2012 at 2:30 p.m.** to consider the sole issue of the notice of appeal.

**SO ORDERED** this 15th day of November, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE